**E-Filed 4/13/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UPEK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>Defendant.<br><hr>AUTHENTEC, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>UPEK, INC., a Delaware Corporation,<br><br>Counterdefendant. | Case No. 10-424-JF (PVT)<br><br>ORDER[1] DENYING WITHOUT PREJUDICE AUTHENTEC'S MOTIONS FOR SUMMARY JUDGMENT AND DEFERRING UPEK'S MOTION TO STAY<br><br>[re: document nos. 10 and 16] |

Defendant/Counterclaimant AuthenTec, Inc. ("AuthenTec") has noticed a motion for partial summary judgment of infringement of claim 13 of U.S. Patent No. 5,940,526 ("the '526 patent") and a motion for summary judgment of non-infringement and/or invalidity of U.S. Patent No. 6,028,773 ("the '773 patent") for hearing on April 16, 2010. Plaintiff/

---

[1] This disposition is not designated for publication and may not be cited.

1  Counterdefendant UPEK, Inc. ("UPEK") has noticed a motion to stay litigation relating to claim
2  13 of the '526 patent for hearing on May 28, 2010.  For the reasons set forth below, the hearing
3  dates will be vacated, and the motions will be submitted without oral argument.  AuthenTec's
4  motions will be denied without prejudice, and determination of UPEK's motion will be deferred.
5  A case management conference will be set for May 28, 2010 at 10:30 AM.

## I. BACKGROUND

UPEK and AuthenTec each manufacture and own patents related to fingerprint scanners. AuthenTec owns the '526 patent , which issued from Application No. 08/858,144 filed on May 16, 1997 and is directed at a electric field fingerprint scanner.  UPEK owns the '773 patent, which issued from Application No. 08/971,636 filed on November 17, 1997 and is directed at packaging for silicon sensors.

On January 29, 2010, UPEK filed the instant action seeking a judicial declaration of non-infringement and/or invalidity of certain patents owned by AuthenTec, including the '526 patent. On February 2, 2010, AuthenTec asserted its counterclaim for infringement of several patents, including the '526 patent. On February 17, 2010, before UPEK answered AuthenTec's counterclaim, AuthenTec moved for summary judgment of infringement of claim 13 of the '526 patent.  On February 23, 2010, UPEK amended its complaint to include a claim for the infringement of the '773 patent.  The same day, AuthenTec answered and moved for summary judgment of non-infringement and/or invalidity of the '773 patent.  On March 26, 2010, UPEK filed with the United States Patent and Trademark Office ("USPTO") an *ex parte* request for reexamination ("reexam") of claim 13 of the '526 patent. On April 5, 2010, UPEK moved to stay litigation related to claim 13 of the '526 patent pending its reexam request. To date, the parties have not held an initial case management conference; engaged in discovery; or exchanged invalidity contentions, infringement contentions, or proposed claim constructions in accordance with the Court's local rules.

## II. DISCUSSION

After reviewing the moving papers, the evidence in the record, and the declarations of each party's experts, the Court concludes that the technology and the parties' respective legal

arguments, though relatively straightforward, nonetheless are sufficiently substantial to warrant a formal claim construction hearing prior to the determination of any dispositive motions. Claim construction is likely to be more accurate if this case develops in accordance with the local rules, which provide for the submission of a joint claim construction and prehearing statement and claim construction discovery. Accordingly, the Court will deny AuthenTec's motions for summary judgment without prejudice. To the extent that either party has legitimate concerns about delay, the local rules expressly give the Court discretion to accelerate the deadlines set forth therein for good cause shown. *See* Patent Local Rule 1-3. Prior to seeking relief from the Court, counsel are required to meet and confer with respect to an appropriate schedule. *Id.*

Determination of UPEK's motion to stay will be deferred pending a case management conference. Counsel shall attend a case management conference on May 28, 2010 at 10:30 AM.

IT IS SO ORDERED.

DATED: 4/13/10

_____
JEREMY FOGEL
United States District Judge