1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12

13

14

15

16

17

18

| | | |
|---|---|---|
| UPEK, INC., | ) | Case No.: C 10-00424 JF (PVT) |
| | ) | |
| Plaintiff and | ) | **ORDER GRANTING IN PART AND** |
| Counterclaim Defendant, | ) | **DENYING IN PART DEFENDANT** |
| v. | ) | **AUTHENTEC, INC.'S MOTION TO** |
| | ) | **DESIGNATE PLAINTIFF UPEK,** |
| AUTHENTEC, INC., | ) | **INC.'S RULE 11 MOTION NON-** |
| | ) | **CONFIDENTIAL; REPORT AND** |
| Defendant and | ) | **RECOMMENDATION RE TOLLING** |
| Counterclaimant. | ) | **OF RULE 11 SAFE HARBOR** |
| _____ | ) | |

**[Docket No. 64]**

19

**INTRODUCTION**

20

Defendant (and counterclaimant) Authentec, Inc. moves to designate plaintiff Upek, Inc.'s

21

Rule 11 motion and supporting documents non-confidential.  ("defendant" or "Authentec").

22

Plaintiff (and counterclaim defendant) Upek, Inc. opposes the motion in part.[1]  ("plaintiff" or

23

"Upek").  Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing

24

scheduled to be held on May 18, 2010 is vacated.  Having reviewed the papers and considered the

25

arguments of counsel, defendant Authentec's motion is granted in part and denied in part.[2]

26

27

[1]     Having since served redacted versions of the Rule 11 sanctions motion and supporting documents, plaintiff Upek contends that the present motion is largely moot.

28

[2]     The holding of this court is limited to the facts and particular circumstances underlying the present motion.

**BACKGROUND**

In the amended complaint, plaintiff Upek alleges infringement of its patent, U.S. Patent No. 6,028,773. ("the '773 patent").  It further alleges, *inter alia,* non-infringement of certain patents impliedly owned by defendant Authentec, including U.S. Patent No. 6,667,439, U.S. Patent No. 5,940,526, U.S. Patent No. 7,505,613, U.S. Patent No. 5,953,441, and U.S. Patent No. 6,049,620. ("the '439 patent"). ("the '526 patent"). ("the '613 patent"). ("the '441 patent"). ("the '620 patent").

In the answer and counterclaim, defendant (and counterclaimant) Authentec alleges, *inter alia,* infringement of the '439 patent, the '526 patent, the '613 patent, the '441 patent, and the '620 patent.  It further alleges non-infringement, invalidity, and/or unenforceability of the '773 patent.

Plaintiff Upek later served defendant Authentec with a Rule 11 sanctions motion.  Initially, the entirety of the motion and supporting documents was designated "Highly Confidential-Attorneys' Eyes Only."  In sum, plaintiff Upek alleges that defendant Authentec failed to conduct a reasonable inquiry into the facts prior to filing its counterclaims.  *See, e.g., View Engineering, Inc. v. Robotic Vision Systems, Inc.,* 208 F.3d 981, 984 (Fed. Cir. 981)(sanctions imposed pursuant to Rule 11 for failure to conduct a reasonable inquiry into the facts before filing counterclaims for Robotic).

Counsel for defendant Authentec complains that the overly broad and prohibitive designation of the motion and supporting documents precludes it from consulting with the client to ably respond to the motion.  "Simply put, Authentec cannot demonstrate that its conduct is not sanctionable if it cannot test the factual bases underlying Upek's Rule 11 motion or even know what they are."  Moreover, defendant Authentec argues that redactions related to observations gleaned from oscilloscope testing, microscope viewing and/or reverse engineering is not justified whatsoever.  Defendant Authentec further requests that the court rule that the Rule 11 safe harbor does not toll until the entirety of the motion and supporting documents is designated non-confidential.

Plaintiff Upek contends that the parties compete with one another in the sale of silicon based, nonoptical fingerprint sensors.  The sensors and related chipsets are used to secure access to notebook computers, mobile phones, portable storage devices, and other handheld electronics.  Its devices and chipsets are marketed under the product names "TouchChip" and "TouchStrip."  Two of Upek's TouchStrip devices are marketed under the product family names TCS4 and TCS5.  Plaintiff

1  Upek is particularly sensitive to disclosure of its "anti-spoofing" security measures. Spoofing is

2  technology used to prevent fake fingers from being used to gain access to whatever device the

3  fingerprint sensor serves to protect. Plaintiff Upek has undertaken significant time and expense to

4  develop its one anti-spoofing technique. Indeed, the company states that it goes to great lengths to

5  keep the technology confidential and proprietary, including not sharing the details of the technology

6  with its own customers.

7      Following initial service of the Rule 11 sanctions motion (under a blanket designation of

8  "Highly Confidential-Attorneys' Eyes Only"), plaintiff Upek has since served a redacted motion and

9  supporting documents. Plaintiff Upek states that the redactions fall into two discrete categories: (1)

10  confidential technical details concerning why Upek's TCS4 and TCS5 devices cannot perform the

11  image quality evaluations associated with certain limitations of claims 1 and 4 of Authentec's

12  asserted '620 patent; and (2) extremely sensitive and highly confidential technical details concerning

13  why Upek's TCS4 and TCS5 devices perform anti-spoofing techniques that cannot possibly read on

14  limitations of claim 1 of Authentec's asserted '441 patent, or claims 1 and 27 of Authentec's

15  asserted '613 patent. In support of the various redactions, plaintiff Upek refers to at least two

16  declarations of Alan Kramer and a declaration of Monte Cooper.

17                              **LEGAL STANDARD**

18      In the Ninth Circuit, there is a strong presumption in favor of access to public records.

19  *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm*

20  *Mutual Automobile Ins. Co.,* 331 F. 3d 1122, 1135 (9th Cir. 2003). "The common law right of

21  access, however, is not absolute and can be overridden given sufficiently compelling reasons for

22  doing so." *Foltz v. State Farm Mutual Automobile Ins. Co.,* 331 F. 3d at 1135.

23          Under the 'compelling reasons' standard, a party seeking to seal a judicial record
          bears the burden of overcoming the strong presumption of public access by
24          articulating compelling reasons supported by specific factual findings that outweigh
          the general history of access and the public policies favoring disclosure
25
   *Network Appliance, Inc. v. Sun Microsystems, Inc.,* 2010 WL 841274 *1 (N.D. Cal.). "'[T]he strong
26
   presumption of access to judicial records applies fully to dispositive pleadings, including motions for
27
   summary judgment and related attachments.'" *G&C Auto Body, Inc. v. Geico General Insurance*
28
   *Company,* 2008 WL 687372 *1(N.D. Cal.)(internal citations omitted). "A district court must

1   'conscientiously balance' the competing interests of the public and the party who seeks to keep

2   certain judicial records secret." *Id.* "A court sealing such judicial records must 'base its decision on

3   a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or

4   conjecture.'" *Id.*

5         The presumption is rebutted when a party attaches a sealed discovery document to a non-

6   dispositive motion. *Foltz v. State Farm Mutual Automobile Ins. Co.,* 331 F. 3d at 1135. The court

7   has reasoned that:

8           the presumption of access was rebutted because '[w]hen a court grants a protective
            order for information produced during discovery, it already has determined that 'good

9           cause' exists to protect this information from being disclosed to the public by
            balancing the needs for discovery against the need for confidentiality.

10

11  *Id.* Therefore, "'good cause' suffices to warrant preserving the secrecy of sealed discovery material

    attached to nondispositive motions" pursuant to Rule 26(c). *Id.*

12
          Rule 26(c)(G) states that "[t]he court may, for good cause, issue an order to protect a party or
13
    person from annoyance, embarrassment, oppression, or undue burden or expense, including [*inter*
14
    *alia*] requiring that a trade secret or other confidential research, development, or commercial
15
    information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(G). In the
16
    order, however, the court must "'identify and discuss the factors it considered in its 'good cause'
17
    examination to allow appellate review of the exercise of its discretion.'" *Foltz v. State Farm Mutual*
18
    *Automobile Ins. Co.,* 331 F. 3d 1122, 1130 (9th Cir. 2003) (internal citations omitted). "A party
19
    asserting good cause bears the burden, for each particular document it seeks to protect, of showing
20
    that specific prejudice or harm will result is no protective order is granted." *Id.*
21
                                                    **DISCUSSION**
22
    **I.**    **Plaintiff Upek Has Met the Compelling Reasons Standard For Certain Portions of the**
23             **Rule 11 Sanctions Motion and Supporting Documents**

24        Notwithstanding whether the "compelling reasons" or the "good cause" standard applies

25  here, plaintiff Upek alleges that both standards have been met. As a general matter, plaintiff Upek

26  contends that it goes to great lengths to keep the anti-spoofing technology confidential and

27  proprietary, including not sharing the details of the technology with its own customers.

28        By declaration, Alan Kramer, Upek's former CEO, states in pertinent part as follows:

The details like those I offer in Upek's Under Seal Rule 11 Kramer Declaration, if publicly disclosed, could cause competitive harm based on the fact they relate to security features.  That is because the very purpose of biometric devices is to ensure security, and the last form of technical information Upek wants made known about its devices is how they operate to ensure such security.  Therefore, to the extent I provide details in Upek's Under Seal Rule 11 Kramer Declaration that explain why Upek's anti-spoofing techniques cannot under any circumstances read on certain limitations of claim 1 of the '441 patent, or claims 1 and 27 of the '613 patent, those explanations nonetheless, being based on underlying technical details describing Upek's anti-spoofing technology, are in fact properly redacted as being highly confidential, proprietary, and competitively sensitive.

I do note that with respect to the confidential technical details concerning why, because they are strip sensors, Upek's TCS4 and TCS5 devices cannot perform the image quality evaluations or anti-spoofing techniques claimed in certain of the limitations of the relevant claims of the patent, I sometimes offer certain explanations of how my description of the underlying details of the TSC4 and TCS5 device technology could be confirmed by observing the results produced when Upek's devices are connected to an oscilloscope. [] However, while it would be possible for a competitor to perform the tests I describe, the technical details I offer for why the results on the oscilloscope are produced, including how they produce certain observable wave forms on an oscilloscope (and what they mean), are never mentioned, highlighted, or discussed by Upek publicly.

Pursuant to Rule 11, a party is required to make a reasonable inquiry into the facts prior to filing suit.  Fed. R. Civ. P. 11(b).  Therefore, plaintiff Upek argues that counsel for defendant Authentec should "already [] be in possession of the facts necessary to respond to the Rule 11 allegations."

As an initial matter, counsel for defendant Authentec argues that overbroad confidentiality designations deprive the party of the opportunity to fully respond to the Rule 11 sanctions motion.  Specifically, "Upek's continued effort to hide its criticisms of Authentec, thereby preventing a 'full and fair opportunity to respond,' is antithetical the spirit and language of the Rule and the law of this Circuit."  To that end, counsel for defendant Authentec next argues that it should be allowed the full 21 day safe harbor period of Rule 11 only after it has had an opportunity to review an unredacted version of the Rule 11 sanctions motion and supporting documents.  Finally, defendant Authentec argues that facts related to what it could have or should have observed with the aid of a microscope or oscilloscope or claim elements are not confidential.

Here, the court assumes that plaintiff Upek's Rule 11 sanctions motion is a dispositive motion.  Therefore, plaintiff Upek bears the burden of presenting "compelling reasons" to seal the redacted portions of the Rule 11 motion and the Kramer declaration.

With respect to specific portions of the Rule 11 sanctions motion and supporting documents that plaintiff Upek states are "easily confirmed" by observations from a microscope or require simple reverse engineering, plaintiff Upek has not shown compelling reasons for them to be designated "Highly Confidential-Attorneys' Eyes Only."  However, plaintiff Upek has shown "good cause" for those specific portions to be designated "Confidential."  The technology is proprietary and  plaintiff Upek has gone to great lengths to maintain the confidentiality of the technology, including not sharing the information with its own customers.  Accordingly, those specific portions of the Rule 11 sanctions motion and supporting documents are to be designated "Confidential" and include the following: (1) page 10, lines 21-23; (2) page 12, lines 21-25; and (3) page 15, lines 5-9 (from the Rule 11 sanctions motion).

Additionally, redacted portions of the Rule 11 sanctions motion and supporting documents that relate to claims elements of defendant Authentec's patents are to be designated "Confidential" and include the following: (1) page 6, line 17; (2) page 11, lines 20-23; (3) page 17, lines 3-7; and (4) page 22, line 9 (from the Rule 11 sanctions motion).

Based on the Kramer declaration, plaintiff Upek has shown compelling reasons for the remaining portions of the redacted Rule 11 sanctions motion and supporting documents to remain under seal and designated "Highly Confidential-Attorneys' Eyes Only."  Specifically, plaintiff Upek has shown the proprietary technical details of how its biometric devices function (and the underlying reasons why certain observations on the oscilloscope may occur), the significant financial and development investment it has made in the technology, and the extensive efforts it has undertaken to maintain confidentiality.  The underlying and proprietary reasons why certain technical details may be observable via oscilloscope to Mr. Kramer and other scientists and engineers at Upek distinguish these facts from reverse engineering that might occur with simpler mechanical devices.  *See, e.g., Chicago Lock Co. v. Fanberg,* 676 F.2d 400, 404 (th Cir. 1982)(reverse engineering of own tubular lock to obtain key code not a trade secret).  Accordingly, the following and specific portions of the Rule 11 sanctions motion shall remain under seal:

(1)     page 9; lines 15-25;

(2)     page 10, lines 21-23;

(3)     page 10, lines 25-26;

(4)     page 12, lines 2-3;

(5)     page 12, lines 5-11;

(6)     page 12, line 13;

(7)     page 12, lines 17-19;

(8)     page 12, footnote 6, lines 27-28;

(9)     page 13, lines 1-2;

(10)    page 13, lines 4-5;

(11)    page 14, line 16;

(12)    page 14, lines 22-23;

(13)    page 14, line 25;

(14)    page 15, lines 1-2;

(15)    page 15, lines 11-19;

(16)    page 18, lines 14-16;

(17)    page 18, lines 22-28;

(18)    page 19, lines 1-2;

(19)    page 19, lines 15-16;

(20)    page 20, lines 2-3;

(21)    page 20, line 19;

(22)    page 20, lines 21-22;

(23)    page 20, lines 24-28;

(24)    page 21, line 2;

(25)    page 21, line 20;

(26)    page 22, lines 3-6;

(27)    page 22, line 9;

(28)    page 22, footnote 9, lines 27-28; and

(29)    page 23, line 16.

In addition, the following and specific portions of the Kramer Declaration shall remain under seal:

1        (1)     page 6, paragraph 18, lines 25-28;

2        (2)     page 7, paragraph 19, line 1;

3        (3)     page 7, paragraph 19, lines 5-12;

4        (4)     page 7, paragraph 21, lines 27-28;

5        (5)     page 8, paragraph 21, line 3;

6        (6)     page 8, paragraph 22, lines 5-11;

7        (7)     page 8, paragraph 23, lines 12-24;

8        (8)     page 8, paragraph 24, lines 25-28;

9        (9)     page 9, paragraph 24, lines 1-7;

10       (10)    page 9, paragraph 25, lines 8-10;

11       (11)    page 9, paragraph 26, lines 17-18;

12       (12)    page 9, paragraph 27, lines 20-28;

13       (13)    page 10, paragraph 27, lines 1-5;

14       (14)    page 10, paragraph 28, lines 6-9;

15       (15)    page 10, paragraph 29, lines 17-21;

16       (16)    page 10, paragraph 29, lines 23-24;

17       (17)    page 10, paragraph 30, lines 25-28; and

18       (18)    page 11, paragraph 30, lines 1-9.

19  **II.     Tolling of the 21-Day Safe Harbor Pursuant to Rule 11**

20          "The motion [for sanctions] must be served under Rule 5, but it must not be filed or be

21  presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

22  appropriately corrected within 21 days after service or within another time the court sets."  Fed. R.

23  Civ. P. 11(c)(2).

24          On March 19, 2010, plaintiff Upek informed counsel for defendant Authentec (by e-mail)

25  that it intended to file a Rule 11 sanctions motion.  A copy of the Rule 11 sanctions motion and

26  supporting documents was attached to the email.  Plaintiff Upek further informed counsel for

27  defendant Authentec that the aforementioned motion and supporting documents would be filed

28  under seal.

1    On March 24, 2010, counsel for defendant Authentec objected to the blanket designation of

2    the Rule 11 sanctions motion and supporting documents filed under seal.  Counsel for defendant

3    Authentec also requested a redacted version of the Rule 11 sanctions motion and supporting

4    documents to share with Authentec.  On March 30, 2010, counsel for defendant Authentec repeated

5    its request for a redacted version of the motion and supporting documents.

6    On April 13, 2010, plaintiff Upek served counsel to defendant Authentec with a redacted

7    version of the Rule 11 sanctions motion and supporting documents.  On that same day, defendant

8    Authentec filed the instant motion seeking to designate the motion for Rule 11 sanctions and

9    supporting documents non-confidential.

10    On April 26, 2010, plaintiff Upek filed the Rule 11 sanctions motion and supporting

11    documents with the court.

12    Based on the above, the court recommends that the Rule 11 safe harbor toll from the date of

13    this order.

14    **CONCLUSION**

15    For the foregoing reasons, defendant Authentec's motion is granted in part and denied in

16    part.  The court recommends that the Rule 11 safe harbor toll from the date of this order.

17    IT IS SO ORDERED.

18    Dated:   May 17, 2010

19    _____
     PATRICIA V. TRUMBULL
20    United States Magistrate Judge

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28