**E-Filed 6/11/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UPEK, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>        Counterclaimant,<br><br>    v.<br><br>UPEK, INC., a Delaware Corporation,<br><br>        Counterdefendant. | Case No. 10-424-JF (PVT)<br><br>ORDER[1] SETTING BRIEFING SCHEDULE<br><br>[re:  document no. 111] |

    Defendant/Counterclaimant AuthenTec, Inc. ("AuthenTec") moves pursuant to Civil L.R. 72-2 for relief from a nondispositive pretrial order of Magistrate Judge Trumbull.  Plaintiff/ Counterdefendant UPEK, Inc. ("UPEK") has filed a motion for sanctions pursuant to Fed. R. Civ. P. 11.  Portions of its Rule 11 motion were designated as "highly confidential – attorneys'

---

    [1]This disposition is not designated for publication and may not be cited.

eyes only" and filed under seal. On May 17, 2010, Judge Trumbull granted in part and denied in part AuthenTec's motion to designate as non-confidential portions of UPEK's Rule 11 motion ("May 17 Order"). AuthenTec contends that – to the extent that it left as confidential portions of UPEK's Rule 11 motion – the May 17 Order is clearly erroneous.

AuthenTec's counterclaims allege that UPEK's TCS4 and TCS5 devices infringe several United States Patents. UPEK's Rule 11 motion alleges that AuthenTec failed to conduct a reasonable inquiry into the facts before filing its counterclaims. Essentially, UPEK contends that simple reverse engineering and microscope and oscilloscope observations would have been sufficient to inform AuthenTec that UPEK's TCS4 and TCS5 devices cannot infringe certain aspects of AuthenTec's patents.

Judge Trumbull concluded that UPEK's Rule 11 motion was a dispositive motion, requiring UPEK to show "compelling reasons" to seal the redacted portions of the motion and its supporting declarations. UPEK claims that the redacted information within its Rule 11 motion falls into two categories: (1) technical details concerning why UPEK's devices cannot perform the image quality evaluations associated with certain limitations of AuthenTec's patents and (2) technical details concerning why UPEK's TCS4 and TCS5 devices perform "anti-spoofing techniques" that cannot possibly read on limitations of AuthenTec's patents. Alan Kramer, founder, board member, and former CEO of UPEK, filed a declaration in support of UPEK's motion to seal its Rule 11 motion. Kramer states that "anti-spoofing" is a security measure, the mechanics of which have not been disclosed publicly in order to maintain their effectiveness. Kramer contends that while UPEK's Rule 11 motion describes tests that are easily performed, the technical details concerning *why* the tests produce certain results, how these results are produced, and what the results mean are confidential.

While the Kramer declaration may sufficiently show compelling reasons for a high level of confidentiality in the abstract, the declaration is not necessarily sufficient in the context of UPEK's Rule 11 motion. UPEK argues that the redacted portions of its motion would have been revealed to AuthenTec through reasonable inquiry. At the same time, UPEK contends that the redacted portions of its motion are subject to extensive efforts to maintain their confidentiality,

1  suggesting that a competitor's reasonable inquiry would not have revealed the internal
2  mechanisms of the TCS4 and TCS5 devices.
3      Pursuant to Civil L.R.. 72-2, the Court requests that UPEK respond to AuthenTec's
4  motion.  UPEK's response, if any, should be filed on or before June 18, 2010.

6  **IT IS SO ORDERED**

8  DATED: 6/11/ 2010
9                                       JEREMY FOGEL
                                        United States District Judge

Case No. C-10-424 JF (PVT)
ORDER SETTING BRIEFING SCHEDULE
(JFEX1)