**E-Filed 6/11/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UPEK, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>　　　　　　Defendant.<br>_____<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>　　　　　　Counterclaimant,<br><br>　　v.<br><br>UPEK, INC., a Delaware Corporation,<br><br>　　　　　　Counterdefendant. | Case No. 10-424-JF (PVT)<br><br>CORRECTED[1] ORDER[2] (1) GRANTING AUTHENTEC'S ADMINISTRATIVE MOTIONS TO SEAL, (2) TERMINATING UPEK'S ADMINISTRATIVE MOTION TO SEAL, AND (3) DENYING UPEK'S MOTION TO STAY<br><br>[re: document nos. 52, 63, 79, 80, 100, and 110] |

UPEK, Inc. ("UPEK") alleges that AuthenTec, Inc. ("AuthenTec") infringes United

---

[1] This corrected order has been issued to correct a clerical error in the original order. No substantive changes have been made.

[2] This disposition is not designated for publication and may not be cited.

States Patent No. 6,028,773 ("the '773 patent") and seeks a judicial declaration of non-infringement and/or invalidity of United States Patent Nos. 6,667,439 ("the '439 patent"); 5,940,526 ("the '526 patent); 7,505,613 ("the '613 patent); 5,953,441 ("the '441 patent); and 6,049,620 ("the '620 patent), each of which is owned by AuthenTec. AuthenTec originally asserted counterclaims for infringement of the '439, '526, '613, '441, and '620 patents.[3]

On February 17, 2010, AuthenTec filed a motion for partial summary judgment with respect to the '526 patent. On March 12, 2010, Magistrate Judge Trumbull issued an amended order granting UPEK's motion to file under seal portions of its opposition papers and supporting declarations. AuthenTec filed a motion (Docket No. 77) pursuant to Civ. L.R. 72-2 for relief from this nondispositive pretrial order of a magistrate judge and an administrative motion (Docket No. 79) to seal Docket No. 77. AuthenTec's administrative motion to seal (Docket No. 79) will be granted.[4]

UPEK has filed a motion for sanctions pursuant to Fed. R. Civ. P. 11(c) and an administrative motion (Docket No. 80) to seal that Rule 11 motion. On April 13, 2010, AuthenTec filed a motion (Docket No. 64) to unseal UPEK's Rule 11 motion and an administrative motion (Docket No. 63) to seal Docket No. 64. On May 4, 2010, AuthenTec filed an administrative motion (Docket No. 100) to seal its reply in support of Docket No. 64. On May 17, 2010, Magistrate Judge Trumbull granted in part and denied in part AuthenTec's motion (Docket No. 64) to unseal UPEK's Rule 11 motion. Accordingly, UPEK's administrative motion (Docket No. 80) to seal its Rule 11 motion will be terminated as moot, and AuthenTec's administrative motions (Docket Nos. 63 and 100) to seal will be granted.

AuthenTec has filed a motion (Docket No. 111) pursuant to Civ. L.R. 72-2 for relief from

---

[3] AuthenTec filed an amended counterclaim that added a claim for the infringement of U.S. Patent No. 6, 259, 804 ("the '804 patent) and deleted its claims with respect to the '613 and '439 patents. UPEK has filed a motion to strike AuthenTec's amended counterclaim. A hearing on UPEK's motion to strike is set for June 25, 2010.

[4] AuthenTec's motion for relief (Docket No. 77) was denied by operation of Civ. L.R. 72-2.

1  Judge Trumbull's May 17, 2010 order and an administrative motion (Docket No. 110) to seal
2  Docket No. 111.  The motion for relief is addressed by a separate order issued herewith
3  (attached).  AuthenTec's administrative motion to seal (Docket No. 110) will be granted.
4        On April 5, 2010, UPEK filed a motion to stay the litigation with respect to the '526
5  patent pending its request to the United States Patent and Trademark Office ("USPTO") for a
6  reexamination of that patent.  On May 28, 2010, the Court set a claim construction hearing for
7  October 28, 2010 as to all of the patents in suit, including the '526 patent.  The Court, in the
8  exercise of its inherent power to manage its dockets and stay proceedings, *see Ethicon, Inc. v.*
9  *Quigg*, 849 F.2d 1422, 1426-1427 (Fed. Cir. 1988) (citing *Landis v. North American Co.*, 299
10 U.S. 248, 254 (1936)), will deny UPEK's motion to stay.  The USPTO has not yet granted
11 UPEK's request for reexamination, and even if the request is granted it could take more than a
12 year before the reexamination process is completed.  The Court is not prepared to delay litigation
13 of this case for that length of time.

IT IS SO ORDERED.

DATED: 6/11/10

_____
JEREMY FOGEL
United States District Judge

Case No. C-10-424 JF (PVT)
ORDER (1) GRANTING AUTHENTEC'S ADMINISTRATIVE MOTIONS TO SEAL, ETC.
(JFEX1)