**E-Filed 7/6/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UPEK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>Defendant.<br>_____<br>AUTHENTEC, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>UPEK, INC., a Delaware Corporation,<br><br>Counterdefendant. | Case No. 10-424-JF (PVT)<br><br>ORDER[1] (1) DENYING UPEK'S MOTION TO STRIKE COUNTERCLAIMS AND (2) DENYING AUTHENTEC'S MOTION FOR RELIEF FROM PRETRIAL ORDER OF MAGISTRATE JUDGE<br><br>[re: doc. nos. 95, 111] |

UPEK, Inc. ("UPEK") and AuthenTec, Inc. ("AuthenTec") are competitors in the field of fingerprint scanners. UPEK alleges that AuthenTec infringes United States Patent No. 6,028,773 ("the '773 patent") and seeks a judicial declaration of non-infringement and/or invalidity of United States Patent Nos. 6,667,439 ("the '439 patent"); 5,940,526 ("the '526 patent");

---

[1] This disposition is not designated for publication in the official reports.

7,505,613 ("the '613 patent"); 5,953,441 ("the '441 patent"); and 6,049,620 ("the '620 patent"), each of which is owned by AuthenTec. AuthenTec originally asserted counterclaims for infringement of the '439, '526, '613, '441, and '620 patents. On March 26, 2010, UPEK filed under seal a motion for sanctions pursuant to Fed. R. Civ. P. 11(c), contending that AuthenTec asserted counterclaims with respect to the '620, '441, and the '613 patents without reasonable pre-suit investigation.[2] AuthenTec thereafter amended its counterclaims, adding a claim that UPEK infringes U.S. Patent No. 6,259,804 ("the '804 patent") and deleting its claims with respect to the '439 and the '613 patents. AuthenTec also moved to unseal UPEK's Rule 11 motion; the unsealing motion was granted in part and denied in part by Magistrate Judge Trumbull.

UPEK now moves to strike AuthenTec's amended counterclaims, and AuthenTec moves for relief from the nondispositive pretrial order of Magistrate Judge Trumbull. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on June 25, 2010. For the reasons discussed below, both motions will be denied.

## I. UPEK'S MOTION TO STRIKE

UPEK moves to strike AuthenTec's amended counterclaims, contending that the amendment was improper because AuthenTec did not first obtain a stipulation from UPEK or leave of Court. AuthenTec argues that Fed. R. Civ. P. 15 ("Rule 15") allowed it to amend as of right and alternatively that the Court should permit the amendment in any event because the amendment does not cause undue prejudice to UPEK.

**A.   Amendment as of right**

UPEK contends that AuthenTec's entitlement to amend its counterclaims as of right ended twenty-four days after UPEK filed its answer to the counterclaims. UPEK filed an amended complaint on the same day it answered AuthenTec's original counterclaims.

---

[2] On May 28, 2010, the Court scheduled a claim construction hearing for October 28, 2010 and deferred determination of UPEK's Rule 11 motion until after the claim construction hearing, concluding that resolution of the motion will depend at least in part upon the construction of claim terms within the relevant patents.

2

AuthenTec argues in essence that the filing of the amended complaint "restarted the clock" with respect to its entitlement to amend its counterclaims as of right. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[3] Rule 15(a)(3) also provides that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

### 1.    2009 amendment to Rule 15

Rule 15(a)(1) was "amended [in 2009] to make three changes in the time allowed to make one amendment as a matter of course". Adv. Comm. Notes to 2009 Amendments to Fed. R. Civ. P. 15. "First, the right to amend once as a matter of course [under the 2009 amendment] terminates 21 days after service of a motion under Rule 12(b), (e), or (f)." *Id.* Under the previous version of Rule 15(a)(1), "[s]erving a motion attacking the pleading did not terminate the right to amend, because a motion is not a 'pleading' as defined in [Fed. R. Civ. P. 7]. The right to amend survived beyond decision of the motion unless the decision expressly cut off the right to amend." *Id.* Thus, under the previous version of Rule 15(a)(1), a plaintiff potentially could amend a complaint as a matter of right months or even years after filing, depending on the evolution of Rule 12 motions in that case. The 2009 amendment to Rule 15 provides a "fixed, predictable, and reasonably short period" for amendments as a matter of right. 3 James Wm. Moore, *Moore's Fed. Practice* § 15.12[3] (3d ed. 2009).

Second, "the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one

---

[3] Fed. R. Civ. P. 6(d) and 5(b)(2)(E) allows an additional three days within which a party may respond when papers are served via electronic means, as is the case here.

3
Case No. C-10-424 JF (PVT)
ORDER (1) DENYING UPEK'S MOTION TO STRIKE COUNTERCLAIMS, ETC.
(JFEX1)

amendment as a matter of course in response to a responsive pleading." *Id.* Third, Rule 15 now allows one more day to amend a pleading to which no responsive pleading is allowed and omits the provision that cuts off the right to amend if the action is on the trial calendar.

In addition, the 2009 amendments abrogated Rule 13(f), which "establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim." Adv. Comm. Notes to 2009 Amendments to Fed. R. Civ. P. 15. Under the previous version of the Federal Rules, the amendment of counterclaims had been controlled to some extent by Fed. R. Civ. P. 13(f) and also had been the subject of special attention by the courts. In *Nolan v. City of Yonkers*, No. 92 CIV. 6067 (KMW), 1990 WL 120685, at *4 (S.D.N.Y. March 19, 1996), the court concluded that the "[d]efendants did not have a right to assert new counterclaims unrelated to the amendment in the answers . . . in the same way that they had a right to assert counterclaims in their original answer." *See also Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446-47 (E.D. Va. 2005) (explaining that a new counterclaim "may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended [counterclaim] must reflect the breadth or the changes in the amended complaint."). However, following the 2009 amendments, Rule 15 alone controls the amendment of counterclaims. *Nolan* and *Elite Entertainment* thus appear to be superseded to the extent that they are inconsistent with the current version of Rule 15.

**2.     Procedural history**

UPEK filed its original complaint on January 29, 2010. On February 2, 2010, AuthenTec answered and counterclaimed, alleging that UPEK infringes the '439, '526, '441, '613, and '620 patents and is liable for misappropriation of trade secrets and conversion. AuthenTec also alleged that the '773 patent is not infringed and unenforceable. On February 23, 2010, UPEK amended its complaint, adding count twelve, alleging the unenforceability of the '620 patent on the basis of inequitable conduct. On the same day, UPEK also answered AuthenTec's counterclaims. On March 12, 2010, AuthenTec answered UPEK's amended complaint and reasserted its counterclaims without making any change to the counterclaims.

On March 29, 2010, UPEK answered AuthenTec's reasserted counterclaims, adding a thirty-third affirmative defense that alleged the unenforceability of the '439 patent. On April 22, 2010, AuthenTec refiled its answer to UPEK's amended complaint and filed the subject amended counterclaims. While the answer was unchanged from AuthenTec's previous answer, the amended counterclaims added a new claim for infringement of '804 patent and deleted claims for infringement relating to the '439 and the '613 patents.

**3.     Practical effect of the amended pleading**

It is undisputed that AuthenTec was entitled to amend its counterclaims as of right within twenty-four days of February 23, 2010, when UPEK filed its answer to the original counterclaims. AuthenTec contends that UPEK's amended complaint, filed on the same day, restarted the twenty-four-day clock. The Court concludes otherwise. "When an amended pleading does not add new parties, new claims, or significant new factual allegations, courts are often willing to allow the previously filed response to the original pleading [to] suffice." *Justin Kraft & Kraft Piano Servs., LLC v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *7 (D. Or. Jan. 8, 2009) (quoting 3 Moore's Federal Practice § 15.17 (3d ed. 2008)). *See also Stanley Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 664-665 (E.D. Cal. 1990) (noting that "the option to file an [a]nswer to a [f]irst [a]mended [c]omplaint lies with the defendant"). While UPEK's amended complaint did add a new claim, that claim did not add new subject matter to the action or otherwise affect AuthenTec's original counterclaims. AuthenTec was not obligated to assert any new counterclaims in response to the amended complaint. For the same reasons, UPEK was not entitled to amend as of right its answer to AuthenTec's counterclaims after twenty-four days of its answer to the original counterclaims.

**B.     Leave to amend**

Rule 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "In *Foman v. Davis*, 371 U.S. 178, [182] (1962), the Supreme

Court offered the following factors that a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Eminence Capita*, 316 F.3d at 1051. "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. at 1052.

### 1.  UPEK's amended answer

AuthenTec does not assert that UPEK's amended answer to AuthenTec's counterclaims, which adds an affirmative defense with respect to the unenforceability of the '439 patent, would cause undue prejudice. The Court should grant leave to amend freely when justice requires. Accordingly, UPEK may amend its answer. At the time of the amendment, both parties were engaged actively in amending and reframing their various pleadings. There is no evidence of undue delay; UPEK learned of the evidence that underlies its new affirmative defense in the time between its original answer and March 29, 2010.

### 2.  AuthenTec's Counterclaims

#### a.  Deleting the '439 and the '613 patent infringement counterclaims

AuthenTec proposes to dismiss its counterclaims with respect to the '439 and the '613 patents without prejudice, apparently seeking to preserve its ability to reassert the patents against UPEK at some point in the future. The '613 patent is the subject of UPEK's Rule 11 motion. Under Rule 11(c)(2), the recipient of a motion under Rule 11 has twenty-one days within which to withdraw or correct the challenged paper, claim, defense, contention, or denial. In *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010), the Ninth Circuit held that "[t]he Rule 11 safe harbor provision, by its plain language, does not require that a party drop its claims with prejudice."

UPEK contends that allowing AuthenTec to refile its claim with respect to either the '439 or the '613 patents is unduly prejudicial. Relying upon *Super Sack Manufacturing Corp. v.*

6

*Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995), it argues that the dismissal of compulsory counterclaims must be with prejudice. However, unlike its counterpart in *Super Sack*, AuthenTec does not contend that dismissal of its counterclaims would affect this Court's jurisdiction over UPEK's claim for declaratory relief with respect to the '439 and the '613 patents. While infringement claims related to the '439 and the '613 patents indisputably are compulsory counterclaims pursuant to Fed. R. Civ. P. 13(a),[4] Rule 13 bars a future claim only "[i]f the action proceeds to judgment without the interposition of a [compulsory] counterclaim . . . ." Adv. Comm. Notes to Fed. R. Civ. P. 13.

It is true that if AuthenTec's counterclaims are dismissed without prejudice and UPEK thereafter dismisses its own claims for declaratory relief with respect to the '439 and the '613 patents, AuthenTec conceivably could reassert its claims with respect to the patents in another jurisdiction. "[I]n the exercise of sound discretion, the granting of leave to amend can be conditioned in order to avoid prejudice to the opposing party." *Allied Industrial Workers v. General Electric Co.,* 471 F.2d 751, 756 (6th Cir. 1973) (quoting *Strickler v. Pfister Associated Growers, Inc.*, 319 F.2d 788, 791 (6th Cir. 1963)). *See also General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) (noting that "we have held that a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty."). At oral argument, AuthenTec stipulated that it would not file an infringement action against UPEK premised on the '613 patent other than in this Court. Accordingly, the Court will grant AuthenTec leave to delete its claims with respect to the '439 and the '613 patents on the express condition that AuthenTec not file an infringement action premised on either patent other than in the Northern District of California, San Jose Division.

//

---

[4] "A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1).

    **b.**  **Adding the '804 patent**

UPEK does not contend that adding the '804 patent to the instant case would be prejudicial to it. The '804 patent shares the same specification as the '526 patent, and there is no evidence of undue delay, bad faith, or dilatory motive on the part of the AuthenTec.

## II. AUTHENTEC'S MOTION FOR RELIEF

AuthenTec moves for relief from Magistrate Judge Trumbull's May 17, 2010 order ("May 17 Order"), which granted in part and denied in part AuthenTec's motion to unseal UPEK's Rule 11 motion. Pursuant to Judge Trumbull's order, portions of UPEK's Rule 11 motion remain under seal and designated "Highly Confidential – Attorneys' Eyes Only." AuthenTec argues that the May 17 Order is clearly erroneous, contending that the sealed materials do not meet the standards for this level of protection and that the order is fundamentally unfair because it deprives AuthenTec of a reasonable opportunity to respond to UPEK's allegations.

**1.**  **Legal standard**

AuthenTec has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. "[T]he magistrate's decision on a nondispositive issue will be reviewed by the district court judge under the clearly erroneous standard." *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *EEOC v. Lexus of Serramonte*, No. C 05-0962 SBA, 2006 WL 2619367, at *2 (N.D. Cal. Sept. 5, 2006). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Id.*

**2.**  **Compelling reasons to seal**

Judge Trumbull assumed for purposes of AuthenTec's motion that UPEK's Rule 11

motion is dispositive. (May 17 Order at 5:26-27.[5])  "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). "The factors relevant to a determination of whether the strong presumption of access is overcome include . . . ' . . . whether disclosure of the material could result in improper use of the material for . . . infringement upon trade secrets.'" *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)).

UPEK identified two categories of sensitive information: "(1) confidential technical details concerning why UPEK's TCS4 and TCS5 devices cannot perform the image quality evaluations associated with certain limitations of claims 1 and 4 of AuthenTec's asserted '620 patent; and (2) extremely sensitive and highly confidential technical details concerning why UPEK's TCS4 and TCS5 devices perform anti-spoofing techniques that cannot possibly read on the limitations of claim 1 of AuthenTec's asserted '441 patent, or claims 1 and 27 of AuthenTec's asserted '613 patent." (May 17 Order at 3:9-15.) UPEK submitted the declaration of Alan Kramer, its former CEO, who discusses proprietary details with respect to how UPEK's devices function, the "significant financial and development investment . . . made in the technology, and the extensive efforts . . . to maintain confidentiality". (May 17 Order at 6:17-21.) Under California law, the definition of a trade secret "consists of three elements: (a) information (b) which is valuable because [it is] unknown to others and (c) which the owner has attempted to keep secret." *ABBA Rubber Co. v. Seaquist*, 235 Cal. App. 3d 1, 18 (Cal. App. 4th

---

[5] UPEK's Rule 11 motion alleges that AuthenTec asserted counterclaims with respect to the infringement of the '620, '441, and the '613 patents without a reasonable pre-suit investigation. *See View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 984 (Fed. Cir. 2000) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)) ( "'Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact [and] legally tenable. . . .'") (brackets in the original).

1  Dist. 1991) (citation omitted).  Judge Trumbull found that UPEK had established all three
2  elements.  (*See* May 17 Order at 6:17-21; 5:1-3 (quoting Kramer Decl.) (noting that the details
3  "relate to security features" and that "the very purpose of biometric devices is to ensure security,
4  [so] the last form of technical information UPEK wants made known about its devices is how
5  they operate to ensure such security.)).  Accordingly, she concluded that the information is a
6  trade secret and the proper subject of a sealing order, even under the "compelling reasons"
7  standard.
8      AuthenTec contends that this conclusion was clearly erroneous because UPEK
9  simultaneously is claiming that the information is confidential and that the information should be
10 readily ascertainable by AuthenTec through reverse engineering and oscilloscope measurements.
11 This Court agrees that UPEK's argument is peculiar, but it does not follow that Judge Trumbull's
12 order is clearly erroneous.  "[I]nformation can be a trade secret even though it is readily
13 ascertainable, so long as it has not yet been ascertained by others in the industry."  *ABBA Rubber*,
14 235 Cal. App. 3d at 21.  Indeed, the California legislature contemplated excluding information
15 that was readily ascertainable from the definition of trade secrets, but it ultimately determined
16 that such a definition would "'mudd[y] the meaning of the term trade secret' and 'invite[] the
17 various parties to speculate on the time needed to discover a secret.'"  *ABBA Rubber*, 235 Cal.
18 App. 3d at 21 (quoting *The Secret's Out: California's Adoption of the Uniform Trade Secrets Act
19 – Effects on the Employer-Employee Relationship*, 20 LOY. L.A. L. REV. 1167, 1214 n.231 (1987)
20 (quoting Senate Com. on Judiciary, Selected Bill Analyses Assem. Bill No. 501, 5-6 (1984)))
21 (marks in the original).
22     UPEK appears to be arguing that AuthenTec could have "readily ascertained" through a
23 reasonable investigation how UPEK's products worked.  Its ability to support that argument with
24 facts goes to the merits of its Rule 11 motion.  However, until AuthenTec presents evidence that
25 it or others in the industry actually have ascertained UPEK's proprietary information through
26 appropriate means, the information that UPEK has identified remains the proper subject of a
27 sealing order and a "Highly Confidential – Attorneys' Eyes Only" designation.
28 //

### 3. Reasonable opportunity to respond

Under Rule 11(c)(1), a party must be provided "notice and a reasonable opportunity to respond" before "the court may impose an appropriate sanction", and the denial of such an opportunity implicates due process concerns. *See Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 548 (9th Cir. 2004). While the California legislature sought to avoid disputes about the time or efforts necessary to ascertain a trade secret, precisely such a dispute is presented in the instant case. UPEK contends that its trade secrets are readily ascertainable, and AuthenTec argues that Judge Trumbull's order denies it a reasonable opportunity to respond to UPEK's allegations.

UPEK asserts that AuthenTec already should be in possession of sufficient facts to respond to the Rule 11 motion. *See View Eng'g*, 208 F.3d 981, 986 ("Before filing counterclaims of patent infringement, Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.") Indeed, AuthenTec may present evidence of its pre-suit investigation to support the reasonable basis for its counterclaims. AuthenTec also may be expected to argue either that (1) UPEK's construction of the claims of the '620, '441, and the '613 patents is incorrect or (2) UPEK's trade secrets are not reasonably ascertainable.

UPEK correctly points out that under Patent L.R. 2-2, a party's experts ordinarily are allowed to review materials marked "Highly Confidential – Attorneys' Eyes Only." (*See* N.D. Cal. Interim Patent L.R. 2-2 Model Protective Order ¶ 7.3(c).) Nothing in Judge Trumbull's order prevents AuthenTec from employing an independent expert to review UPEK's highly confidential information, assuming that the expert agrees to be bound by restrictions substantially similar to those found in N.D. Cal. Interim Patent L.R. 2-2 Model Protective Order Ex. A.

### III. DISPOSITION

Good cause therefor appearing,

(1) UPEK's motion to strike will be denied, consistent with the foregoing discussion; and

(2) AuthenTec's motion for relief from nondispositive pretrial order of Magistrate Judge Trumbull will be denied.

IT IS SO ORDERED.

DATED: 7/6/10

_____
JEREMY FOGEL
United States District Judge