**E-Filed 7/22/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UPEK, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>            Counterclaimant,<br><br>    v.<br><br>UPEK, INC., a Delaware Corporation,<br><br>            Counterdefendant. | Case No. 10-424-JF (PVT)<br><br>ORDER[1] GRANTING UPEK'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>[re: doc. nos. 145, 147] |

      Plaintiff and Counterdefendant UPEK, Inc. ("UPEK") and Defendant and Counterclaimant AuthenTec, Inc. ("AuthenTec") are competitors in the field of fingerprint scanners. UPEK moves pursuant to Fed. R. Civ. P. 15(a) for leave to file a second amended complaint, seeking to add new claims for infringement of three newly-identified patents and to

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C-10-424 JF (PVT)
ORDER (1) GRANTING UPEK'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
(JFEX1)

conform an already-asserted affirmative defense to AuthenTec's counter claims with a claim for declaratory relief. AuthenTec opposes the motion. For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

UPEK filed its original complaint on January 29, 2010, alleging that AuthenTec infringes United States Patent No. 6,028,773 ("the '773 patent") and seeking a judicial declaration of non-infringement and/or invalidity of United States Patent Nos. 6,667,439 ("the '439 patent"); 5,940,526 ("the '526 patent"); 7,505,613 ("the '613 patent"); 5,953,441 ("the '441 patent"); and 6,049,620 ("the '620 patent"), each of which is owned by AuthenTec. On February 2, 2010, AuthenTec answered and counterclaimed, alleging that UPEK infringes the '439, '526, '441, '613, and '620 patents and is liable for misappropriation of trade secrets and conversion. On February 17, 2010, AuthenTec moved for partial summary judgment with respect to its counterclaim for infringement of the '526 patent.

On February 23, 2010, UPEK answered AuthenTec's counterclaims and filed its first amended complaint ("FAC"), adding count twelve asserting the unenforceability of the '620 patent due to inequitable conduct. On the same day, AuthenTec moved for partial summary judgment with respect to non-infringement of the '773 patent. On March 12, 2010, AuthenTec answered the FAC and reasserted its original counterclaims. On March 29, 2010, UPEK answered AuthenTec's reasserted counterclaims, adding a thirty-third affirmative defense that alleged the unenforceability of the '439 patent. On April 13, 2010, the Court denied without prejudice AuthenTec's motions for partial summary judgment, concluding that the relevant claim construction was likely to be more accurate following a formal claim construction process. On the same day, UPEK filed a motion for sanctions pursuant to Fed. R. Civ. P. 11(c), contending that AuthenTec's counterclaims with respect to the '620, '441, and the '613 patents were asserted without a reasonable pre-suit investigation.

On April 22, 2010, AuthenTec filed amended counterclaims, adding a new claim for infringement of U.S. Patent No. 6,259, 804 ("the '804 patent") and deleting claims for

infringement relating to the '439 and the '613 patents.[2] Not later than early June, AuthenTec was aware that UPEK sought to add new patents to the instant dispute. (Docket No. 122, Ex. C.) On June 21, 2010, UPEK provided AuthenTec with a copy of a proposed second amended complaint, which identified specifically these additional patents: U.S. Patent Nos. 6,555,888 ("the '888 patent"), 6,440,814 ("the 814 patent"), and 6,661,631 ("the '631 patent") (collectively, the "newly-identified patents").

In anticipation of the initial case management conference, the parties filed a joint case management statement, in which UPEK proposed a deadline of June 25, 2010 for amending the pleadings to add new claims and name new parties. AuthenTec proposed a deadline of July 15, 2010. At the initial case management conference on May 28, 2010, the Court set a claim construction hearing for October 28, 2010, but it did not set any other case management deadlines because the parties were conferring about a stipulated case management schedule. On July 6, 2010, the Court entered a scheduling order that consists largely of dates agreed to by the parties. However, the parties did not agree upon a deadline to allow either party to amend the pleadings without leave of court, and the schedule does not include such a deadline.

AuthenTec opposes the instant motion, at least to the extent that it seeks to assert the newly-identified patents. Although it contends that good cause exists to expedite the schedule with respect to the patents currently in suit, AuthenTec argues that it will be unduly prejudiced by UPEK's proposed amendment if claim construction with respect to all of the patents proceeds on the current schedule. AuthenTec proposes that the Court maintain the current schedule with respect to the patents currently in suit and hold a second claim construction hearing with respect to UPEK's newly-identified patents.

## II. DISCUSSION

Leave to amend a pleading before trial should be "freely give[n] …when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, this policy is applied with "extreme

---

[2] On July 6, 2010, the Court granted AuthenTec leave to amend its counterclaims consistent with this filing.

liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). When considering whether to grant leave to amend, a district court may consider four factors: (1) existence of bad faith; (2) whether the amendment will cause undue delay; 3) prejudice to the opposing party; and (4) futility. *Id*. Undue delay on its own does not justify denial of a motion for leave to amend. However, if undue delay is accompanied by prejudice to the defendant, denial of a motion for leave to amend may be justified. *See, e.g.*, *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999). In the absence of prejudice or other negative factors, the party opposing the motion to amend has the burden of showing why amendment should not be granted. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

   AuthenTec does not argue that UPEK is acting in bad faith or that the proposed amendment would be futile or create undue delay. It argues instead that the amendment would be unduly prejudicial in light of the expedited schedule that AuthenTec itself sought by moving for partial summary judgment with respect to two patents within a month after UPEK initiated the instant action. In April, UPEK filed a Rule 11 motion that largely is dispositive with respect to three other patents. Patent L.R. 4-1, *et seq.*, establishes a presumptive time line for a claim construction, and that time line may be modified upon a showing of good cause. *See* Patent L.R. 1-3. Although this action was filed only in late January 2010, the parties were thoroughly familiar with the majority of the patents then in suit by the time of the initial case management conference on May 28, 2010. Accordingly, the Court found good cause to expedite the claim construction schedule and set the claim construction hearing for October 28, 2010.

   AuthenTec now asserts that good cause does not exist to depart from the local rules with respect to the newly-identified patents. UPEK contends that the relevant technologies of the newly-identified patents already are at issue. It is apparent that two of the newly-identified patents – the '814 and the '888 patents – are directed at technology designed to protect a fingerprint scanner from an electrostatic discharge ("ESD"). UPEK contends that the '526 patent also discloses ESD protection technology, but AuthenTec's earlier motion for partial summary judgment focused only on the '526 patent's disclosure of a power-control means for a fingerprint

4

scanner.  The third newly-identified patent – the '631 patent – discloses "automatic latchup recovery," which UPEK asserts also is disclosed in the '613 patent.  However, AuthenTec's assertion of the '613 patent appeared to focus on "anti-poofing" technology, and AuthenTec has dismissed its counterclaims with respect to that patent.  Finally, UPEK asserts that the AuthenTec products it accuses of infringing the newly-identified patents are similar to those it accuses of infringing the '773 patent.  But, the '773 patent focuses only on the *packaging* for an integrated circuit, while the newly-identified patents focus on the *structures* of an integrated circuit.

      Despite the less than perfect overlap among the various patents and claims, the Court concludes on balance that AuthenTec will not be prejudiced unduly by UPEK's amendment under the current schedule.  Because the newly-identified patents introduce only two new technologies to the action, neither of which appears to be more complex than the technologies already at issue, the Court remains prepared to proceed on the expedited schedule.  AuthenTec itself sought and on July 6, 2010 was granted leave to add a counterclaim with respect to the '804 patent.  While the '804 patent shares the specification with the '526 patent, the claims of the patents appear to be directed at two separate technologies.  AuthenTec's previous motion for partial summary judgment with respect to the '526 patent focused on a power-control means for an integrated circuit.  In contrast, AuthenTec's claim with respect to the '804 patent appears to focus on analog-to-digital conversion structures used to adjust resolution.  (AuthenTec's Opp'n at 5:4-7.)  The parties served all of their infringement contentions on July 2, 2010, including their infringement contentions with respect to the '804 patent and UPEK's newly-identified patents.  Because both parties thus are situated similarly with respect to newly-added claims, UPEK's proposed amendment will not cause AuthenTec to be unduly prejudiced under the current schedule.

      Attempting to reach a compromise, UPEK has agreed to postpone until after the claim construction hearing AuthenTec's obligation to serve invalidity contentions with respect to the newly-identified patents. (UPEK's Mot. at 7:23-8:2.)  The motion will be granted subject to that condition.  The parties are encouraged to continue to seek mutually beneficial comprises that will

1 | promote a more accurate claim construction process, including a brief stipulated continuance of
2 | the claim construction hearing itself if the parties believe that additional time would be
3 | beneficial.

IT IS SO ORDERED.

DATED: 7/22/10

_____
JEREMY FOGEL
United States District Judge

Case No. C-10-424 JF (PVT)
ORDER (1) GRANTING UPEK'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
(JFEX1)